UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VACC, INC., <br>     Plaintiff, <br> v. <br> JON BYRON DAVIS, <br>     Defendant. | Case No. 18-cv-03454-JCS <br><br> **ORDER REGARDING ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> Re: Dkt. No. 7 |

Plaintiff VACC, Inc. moves to file a transcript of a sealed settlement proceeding in a previous case under seal in this action as Exhibit 1 of VACC's complaint. As a general rule, a party must show "compelling reasons" to file documents under seal in order to overcome the "'strong presumption in favor of [public] access,'" and "the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003)) (second alteration in original). Moreover, under this Court's local rules, requests to file under seal "must be narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(b).

Here, VACC notes only that "[o]n its face, the transcript is of a sealed proceeding and contains terms of a confidential settlement agreement." Woo Decl. (dkt. 7-1) ¶ 3. The confidentially of settlement discussions may well constitute a compelling reason to seal in some circumstances, but it is difficult to discern here compelling reasons to seal the entire transcript when VACC discloses significant portions of those discussions in its publicly filed complaint. The Court concludes that under these circumstances the request to seal the transcript as a whole, rather than redacting only those portions of it that have not otherwise been disclosed and would risk real harm to the parties if disclosed, is not a narrowly tailored request supported by

compelling reasons.

Because the issue implicates not only VACC's interests but also those of Defendant Jon Byron Davis, the following procedure will be used to propose redactions: no later than November 27, 2018, either party may file under seal proposed redactions supported by a declaration stating compelling reasons for the redacted material to remain under seal. The Court will then decide which if any portions of the transcript should remain under seal.

**IT IS SO ORDERED.**

Dated: November 13, 2018

_____
JOSEPH C. SPERO
Chief Magistrate Judge